UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LETRA BLEDSOE, | ) | |
| Plaintiff, | ) | Case No. 22-cv-02170 |
| | ) | |
| v. | ) | Judge Sharon Johnson Coleman |
| | ) | |
| CONTINENTAL CASUALTY CO., and, | ) | |
| ELIZABETH AQUINAGA, | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Letra Bledsoe brings this action against Continental Casualty Co. ("CNA") and Elizabeth Aquinaga (collectively, "defendants") under the Employee Retirement Income Security Act of 1974 ("ERISA"), Title VII of Civil Rights Act of 1964 ("Title VII") and for libel. Defendants move to dismiss for failure to state a claim [32]. For the following reasons, the Court grants defendants' motion as to Bledsoe's ERISA and Title VII claims and dismisses the remaining state law claim for lack of subject matter jurisdiction. Bledsoe's motions for sanctions and for attorney representation [42], [43], [44] are denied.

### Background

Plaintiff Bledsoe brings this complaint against her former employer, CNA, for failure to permit a lump sum payment of her pension benefits and for employment discrimination. According to Bledsoe's three-page complaint, Bledsoe sought the lump sum payment of her benefits in 2020 or 2021. She alleges that CNA is "sinking, as a corporation," and she should therefore be allowed to receive her pension benefits as a lump sum and invest them as she wishes. CNA denied the request. Thereafter, Bledsoe allegedly renewed her request with various CNA employees to no avail. She contends that she was "tricked" into making appeals of the decisions that were ultimately denied in CNA's "Final Decision" on the matter. Bledsoe asserts that she later found out that CNA had

offered a lump sum payout to her at some unspecified time prior to her request but declined to offer that option again.

Bledsoe alleges that Elizabeth Aquinaga (who Bledsoe later identifies as a human resources representative at CNA) possesses a "personal vendetta" against her and that she denied her lump sum payout request as part of a "personal grudge." Finally, Bledsoe states that CNA was "cruel to [her], in employment, by and through Employment Harassment and Discrimination" and that CNA committed libel.

**Legal Standard**

A motion to dismiss under Rule 12(b)(6) for failure to state a claim tests the sufficiency of the complaint, not its merits. *Skinner v. Switzer*, 562 U.S. 521, 529, 131 S. Ct. 1289, 179 L. Ed. 2d 233 (2011). When considering dismissal of a complaint, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in favor of the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (per curiam). To survive a motion to dismiss, plaintiff must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). A complaint is facially plausible when the plaintiff alleges enough "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

**Discussion**

Defendants move to dismiss under Federal Rule of Civil Procedure 12(b)(6), arguing that Bledsoe's complaint fails to state a claim under the ERISA statute or Title VII. As to her ERISA claims, Defendants argue that Bledsoe has no statutory or contractual right to a lump sum payout. ERISA requires that an employee benefit plan be established and maintained in accordance with the

2

terms of the written plan document. *See US Airways, Inc. v. McCutchen*, 569 U.S. 88, 100–01, 133 S. Ct. 1537, 185 L. Ed. 2d 654 (2013) (quotation omitted) ("ERISA's principal function [is] to protect contractually defined benefits … The plan, in short, is at the center of ERISA."). Because the Plan does not permit a lump sum payout, defendants argue, Bledsoe has no claim.

Bledsoe fails to allege that she is entitled to a lump sum payment under the terms of the CNA Retirement Plan (the "Plan"). [1] First, Bledsoe maintains that a lump sum payout would be beneficial to her because she would be able to manage her own funds. This allegation does not justify early disbursement of her pension benefits. Defendants argue that the plan does not contain a provision permitting a lump sum payment in the case of CNA's insolvency. Though defendants did not attach a copy of the Plan for the Court's review, Bledsoe does not dispute this fact in response. And more importantly, Bledsoe did not plead in her complaint that the Plan contained such a requirement. While a plaintiff is required only to give a short, plain statement showing she is entitled to relief, without an allegation that the Plan contained language authorizing this option, there is no legal basis for Bledsoe's claim. *See* Fed. R. Civ. P. 8(a)(2); *See also Brooks v. Pactiv Corp.*, 729 F.3d 758, 764 (7th Cir. 2013) (affirming dismissal of claim for benefits where plaintiff did not establish that his benefits plan provided the relief he sought).

Next, Bledsoe argues that CNA's earlier offer of a lump sum payout should entitle her to such a payout now. Defendants assert that the Plan provided a one-time opportunity for Bledsoe to elect a lump sum distribution of her pension benefits between September 19, 2014 and December 1, 2014. Bledsoe noted that this option existed in her complaint but did not state the dates the option

---

[1] Defendants attached to their motion to dismiss the Bledsoe's request for lump sum payment, Bledsoe's appeals, and CNA's denials. Bledsoe contends that defendants falsified these documents. (*See* Dkt. 34, at 20.) Though the Court finds no reasonable basis for the accusation, it does not consider these documents because they are not necessary for the Court to rule on the motion to dismiss.

remained open. The complaint fails to allege that the Plan required CNA to offer Bledsoe another option for a lump sum payout in 2020 or 2021. Bledsoe does not identify any other legal basis for her alleged entitlement to a lump sum distribution. For these reasons, Bledsoe fails to state a claim under the ERISA statute.

Bledsoe's allegations of discrimination are similarly deficient. Her complaint makes only passing reference to "Employment Harassment and Discrimination, during and throughout [her] employment." (Dkt. 1, at 2.) Bledsoe states no factual allegations directly or indirectly connecting any adverse employment action to a protected characteristic. "[I]t is not enough for a complaint to allege labels and conclusions without providing facts—some short, plain, and plausible factual narrative that conveys a story that holds together." *Kaminski v. Elite Staffing, Inc.*, 23 F.4th 774, 777 (7th Cir. 2022) (quotation omitted). The Court notes that Bledsoe also gives no indication that she exhausted her administrative remedies by filing a charge with the U.S. Equal Employment Opportunity Commission or the Illinois Department of Human Rights within 300 days "after the alleged unlawful employment practice occurred." 42 U.S.C. § 2000e-5(e)(1). Defendants contend that she will be unable to show that she met this deadline as Bledsoe left employment with CNA in the mid-1990s. Without ruling on the administrative exhaustion issue at this time, the Court grants defendants' motion to dismiss Bledsoe's employment discrimination claims because she does not sufficiently state a claim upon which relief can be granted.

Because the Court dismisses Bledsoe's claims under federal law, it does not have jurisdiction to hear her state law claims. Bledsoe alleges that CNA created "falsehoods, inaccuracies, and untruthful claims and statements" constituting libel, which is a state law claim.[2] Unlike state courts,

---

[2] Bledsoe also asserts in her response that she brings additional state law claims. Because these claims were not raised in her complaint, the Court does not consider them.

which are courts of general jurisdiction, federal district courts are courts of limited jurisdiction. *International Union of Operating Eng'rs v. Ward*, 563 F.3d 276, 280 (7th Cir. 2009). The Court must consider whether Bledsoe's libel claim satisfies diversity of citizenship subject matter jurisdiction under 28 U.S.C. § 1332(a). Diversity jurisdiction requires that she and both defendants are citizens of different states. According to the docket, Bledsoe resides in Streamwood, Illinois; therefore, she is domiciled in Illinois. According to the summons, CNA is located in Chicago, Illinois. (Dkt. 18.) As a result, there is not diversity of citizenship jurisdiction.

The Court gives Bledsoe until September 7, 2023 to file an amended complaint that adequately pleads sufficient facts to state a claim. Bledsoe should take care to ensure that any amended complaint fixes the deficiencies identified by the Court as described above. Failure to file an amended complaint will result in dismissal of the action.

Finally, Plaintiff filed three motions (Dkts. 42–44) after the parties fully briefed the motion to dismiss. A generous interpretation of these motions is that Bledsoe asks the Court to reconsider recruiting counsel to represent her, seeks sanctions against defense counsel, and baselessly accuses other government agents of misconduct. The Court denies Bledsoe's motion for attorney representation for the second time. In evaluating a motion for recruitment of counsel, the Court looks to whether the plaintiff made a reasonable attempt to obtain counsel and whether it appears that, based on the issues complained of, the plaintiff is competent enough to represent herself. *See Watts v. Kidman*, 42 F.4th 755, 760 (7th Cir. 2022). The Court may also consider a plaintiff's likelihood of success on her claims. *Id.* Ultimately, the decision to recruit counsel is within the Court's discretion. *Id.* Bledsoe's motion for attorney representation is denied. In this order, the Court has examined her complaint and pointed out its deficiencies. Based on her response to the

motion to dismiss, the Court believes Bledsoe can file an amended complaint (should one be necessary). In addition, the strength of Bledsoe's case weighs against recruiting counsel at this time.

The Court denies any motion Bledsoe makes for sanctions against defendants or defense counsel. Bledsoe raises accusations of ex parte communication, harassment, and falsifying documents. Bledsoe has identified no basis for her claim that defense counsel communicated with the Court without Bledsoe present. In addition, Bledsoe's claims that defense counsel "harassed" her by communicating with her by email were addressed and resolved at the December 19, 2022 status conference, at which time Bledsoe agreed that defendants may communicate with her via e-mail for purposes of this litigation. (Dkt. 30.) As stated above, Bledsoe does not raise any reasonable evidence to suggest that defendants falsified any documents. Further, Bledsoe's contention that defendants filed multiple motions to dismiss is mistaken. Only one such motion was filed. (Dkt. 32.) Bledsoe's motions for sanctions are denied.

**Conclusion**

For the foregoing reasons, the Court grants defendant's motion to dismiss plaintiff's ERISA and Title VII claims [32] and finds that there is no subject matter jurisdiction for plaintiff's remaining state law claims. Plaintiff's motions for sanctions and for attorney representation [42], [43], [44] are denied. Plaintiff shall have until September 7, 2023 to amend her complaint if she can do so in accordance with this order.

IT IS SO ORDERED.

_____
SHARON JOHNSON COLEMAN
United States District Court Judge

DATED: 8/7/2023

6